THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James W.
 Ratliff, III, DVM, Respondent,
 v.
 South Carolina
 Department of Labor, Licensing, & Regulation, South Carolina Board of
 Veterinary Medical Examiners, Appellant.
 
 
 

Appeal From Administrative Law Court 
 Carolyn C. Matthews, Administrative Law
 Judge
Unpublished Opinion No. 2008-UP-250
Submitted April 1, 2008  Filed May 7,
 2008
REVERSED

 
 
 
 Kenneth P.
 Woodington, of Columbia, for Appellants.
 James W. Ratliff,
 III, DVM, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 James W. Ratliff, III, DVM, petitioned the Administrative Law Court (ALC),
 appealing the order of the South Carolina State Board of Veterinary Medical
 Examiners (the Board).  The ALC reversed the Boards order.  The Board
 appeals.  We reverse.[1]
FACTS
Dr.
 Ratliff practiced veterinary medicine at the Pet Vac Express in the Greenville area.  Ratliff operated Pet Vac Express mobile veterinary clinic on Saturdays. 
 The Board held a hearing based on a report from a member of the public against three
 veterinarians, including Ratliff.  The Board filed a Complaint against the
 veterinarians, alleging, inter alia, the veterinarians failed to ensure that
 vaccines were properly maintained.  
After
 a hearing, the Board concluded Ratliff violated South Carolina Code Section
 40-69-140(12) by not adequately ensuring the vaccines were properly acquired
 and/or maintained.[2] 
 The Board issued a public reprimand and ordered Ratliff to pay a civil penalty
 of $250.  Ratliff appealed to the ALC.  On appeal, the ALJ found no substantial
 evidence to support the Boards order and reversed.  The Board appeals.
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act (APA) governs
 contested proceedings before the Board.  S.C. Code Ann. §§ 40-1-160 (2001) & 40-69-160
 (Supp. 2007).  The standard for judicial review, after an exhaustion of administrative remedies, is also governed by
 the APA. S.C. Code Ann. § 1-23-380
 (Supp. 2007).  Pursuant
 to the APA, a reviewing court may reverse or modify an agency decision which is either affected by error of law or clearly erroneous
 in view of the reliable, probative, and substantial evidence in the record.
 S.C. Code Ann. § 1-23-380(A)(5)(Supp. 2007).  Review by an administrative law
 judge, heard in the appellate jurisdiction of the ALC, is governed by this
 standard.  S.C. Code Ann. § 1-23-380(B)(Supp. 2007).  This court, on appeal
 from the ALC in its appellate capacity, applies the same standard of review.  See Dorman v. Dept of Health & Envtl. Control, 350 S.C. 159, 164, 565
 S.E.2d 119, 122 (Ct. App. 2002) (defining scope of review of second appellate
 review).
LAW/ANALYSIS
The Board argues
 the ALJ erred in reversing its findings against Ratliff.  We agree.
Section 40-69-140(12)
 of the South Carolina Code enables the Board to reprimand a veterinarian for
 engaging in conduct determined by the board to be incompetent or negligent in
 the practice of veterinary medicine.  S.C. Code Ann. § 40-69-140(12) (2006)
 (amended by 2006 Act No. 294, § 1, eff. May 31, 2006).[3] 
 Regulation 120-7.8(c) governs the practice of veterinary medicine relating to
 vaccines and requires that [t]emperature control shall be maintained for all
 drugs and biologics.  S.C. Code Reg. 120-7.8(c) (Rev. 1997).
We find substantial
 evidence to support the Boards sanction
 against Ratliff.  Ratliff testified that
 he and Tabor pretty much knew when the vaccines would arrive based on the
 order date.  However, the evidence also indicates the vaccines were sent to a postal delivery site and
 remained there until Tabor took them to her home.  At best, the delivery site
 offered only an interior location out of the elements, and there is no evidence
 indicating such an environment would provide the necessary temperature control required
 by Regulation 120-7.8(c).  Based on the
 limited record[4] and our limited standard of review in APA cases, we find the ALJ erred in
 reversing the Boards findings.  Accordingly, the order on appeal is
REVERSED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1]  We decide this case without oral
 argument pursuant to Rule 215, SCACR.
[2]  The Board dismissed the complaint
 against one of the veterinarians and made findings similar to those made
 against Ratliff as to the third veterinarian. 
[3]  The Board relied on the prior version of
 the code, section 40-69-140(12) (amended by 2006 Act No. 294, § 1, eff. May 31,
 2006).  See S.C. Code Ann. § 40-690-110 (12) (2007).
[4]  The Record on Appeal is limited to
 excerpts from the transcript of the proceeding before the Board, and Ratliff failed
 to file a respondents brief with this Court.